UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LIVING VEHICLE, INC.,

Plaintiff,

v.

CAUSE NO. 3:21-CV-149 DRL-MGG

ALUMINUM TRAILER COMPANY,

Defendants.

OPINION & ORDER

Living Vehicle, a company that designs high-end travel trailers, contracted with Aluminum Trailer Company to manufacture units under a 2018 Master Services Agreement. Ostensibly with some shared collaboration, Living Vehicle says it developed the designs and then authorized ATC to produce about 30 trailers. They were lemons as built—so says the complaint in greater detail.

As alleged, ATC provided little warranty support. The companies parted ways. Living Vehicle requested its intellectual property, including any jointly created designs and specifications pursuant to the MSA. ATC refused. Living Vehicle thus was forced to recreate its designs over the next 18 months to build these vehicles with another manufacturer. ATC will no doubt dispute these allegations.

The MSA mandates arbitration but only when the two companies can agree on an arbitrator. They couldn't, so Living Vehicle sued ATC in March this year. Living Vehicle claims ATC breached its contract, negligently misrepresented its compliance with industry standards, breached express and implied warranties, misappropriated trade secrets, and took other unlawful action.

ATC moves to dismiss, saying this action can only be brought in Indiana state court. The MSA says "the complaining party shall file suit with the county of the opposing company." Much argument centers around this clause's meaning, but indelibly its meaning remains ambiguous. *See Tender Loving Care Mgmt., Inc. v. Sherls*, 14 N.E.3d 67, 72 (Ind. Ct. App. 2014). The clause is equivocal to reasonable

minds without extrinsic guidance. *See id.* That proves the issue because the court must enforce the parties' intent. *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012).

Federal courts often have counseled against such ambiguous forum selection clauses. *See Bodine Elec. Co. v. Viking Access Sys., LLC*, 2009 U.S. Dist. LEXIS 87861, 3-7 (N.D. Ill. Sept. 22, 2009) (collecting cases); *see, e.g., Rochester Cmty. Sch. Corp. v. Honeywell, Inc.*, 2007 U.S. Dist. LEXIS 63930, 17-18 (N.D. Ind. Aug. 27, 2007) (Miller, J.) (clause that directed claims to "a court of competent jurisdiction of Fulton County, Indiana" permitted a federal suit). The parties had every ability to draft a succinct and clear clause that designated exclusive venue in state court. This clause doesn't.

Though the law may not require any heightened precision, *accord Pine Top Receivables of Ill., LLC v. Transfercom, Ltd.*, 836 F.3d 784, 786-87 (7th Cir. 2016) (removal waivers), wisdom pragmatically favors clarity to avoid just this type of dispute, *see, e.g., Jallali v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc.*, 908 N.E.2d 1168, 1174 (Ind. Ct. App. 2009). The word "with" may suggest within or in that county alone, or a court having associative connection with that county. The former reading is clunky and necessitates revision to the contract's language. Indeed, tellingly, ATC adds words to the venue clause to advance its interpretation in briefing. Revise the court won't do. *See Singleton v. Fifth Third Bank*, 977 N.E.2d 958, 968 (Ind. Ct. App. 2012).

The second reading stays true to the parties' intent to venue suit in the opposing party's backyard. Like *Rochester*, the clause here fails to lock down venue to a state court alone—just a "suit" it says "with" the county. This federal court meets that definition. *See* 28 U.S.C. § 94(a)(2). Appreciating the "meaning of a contract is to be determined from an examination of all of its provisions, not from a consideration of individual words, phrases, or even paragraphs read alone," *Payday Today, Inc. v. Defreeuw*, 903 N.E.2d 1057, 1062 (Ind. Ct. App. 2009), the MSA elsewhere clarifies that the "place of trial for any litigation . . . will be in the state of the opposing party." Read as a whole, the MSA belies ATC's narrow reading of venue in state court alone. The MSA never forecloses a federal forum.

Living Vehicle adds that fair extrinsic guidance exists in the warranty attached to the MSA. The warranty says the "original purchaser" must exclusively sue in state court in Elkhart County or in this federal court over Elkhart County. ATC contends the term "original purchaser" means only the consumer purchaser, and normally in ATC's business that would be true—perhaps the very problem of using a one-size-fits-all approach to its warranty here. In actuality, reference to this warranty presents another interpretative hurdle.

For instance, the warranty explains that it runs from the "original purchase of the trailer *from ATC* or its authorized dealer," so one might reasonably conclude that "original purchaser" necessarily means Living Vehicle. It first bought the trailers. In contrast, other provisions in the warranty may well cabin the view that "original purchaser" includes Living Vehicle. ATC develops none of these points. *See Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010). Instead, ATC merely argues that Living Vehicle conceded in its complaint that this warranty excluded the company. That misses the mark when reading the complaint in the alternative [*cf.* ECF 1 ¶¶ 113, 131].

The term "original purchaser" remains undefined, and the MSA merely says ATC will offer staggered warranties on the trailers. The MSA never says to whom—whether to Living Vehicle or just the consumer. At this stage then, the warranty proves relevant to the analysis, not least to the express warranty claim. ATC's interpretation invites the MSA and warranty to wage war over venue, rather than harmonize the provisions that guide venue selection. *See Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012). The express warranty should not be read to permit a federal forum, only to have the MSA to which it is attached then take it away, particularly when the MSA says it should be construed plainly but "liberally" to effectuate its purposes. The court declines ATC's interpretation.

The parties next argue supplemental jurisdiction. Noting that the express warranty claim falls within the warranty's allowance to sue in federal court, Living Vehicle alternatively invites the court to exercise supplemental jurisdiction over its other claims as a workaround to the motion. ATC argues

that this position ignores the procedural posture of its motion under *forum non conveniens*. ATC has the procedural law right; still both sides leave the issues of convenience and public interests unaddressed.

Living Vehicle incorrectly posits this motion under Rule 12(b)(3). That rule only applies when venue proves "wrong" or "improper." *See* Fed. R. Civ. P. 12(b)(3); *Atl. Marine Constr. Co. v. United States Dist. Ct.*, 571 U.S. 49, 55-56 (2013). This federal district is proper venue. *See* 28 U.S.C. § 1391. The question is whether the parties preferred another venue—a state venue—by contract.

The court must analyze this under the non-statutory iteration of *forum non conveniens. See Atl. Marine*, 571 U.S. at 60-66; *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018). A forum selection clause will typically control, except in unusual cases in which the parties' convenience and various public interest factors override this choice. *Atl. Marine*, 571 U.S. at 60-66; *see Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enter. Fund*, 589 F.3d 417, 425 (7th Cir. 2009) (public interest factors). Only private interest factors fall away from the traditional analysis inhering in 28 U.S.C. § 1404(a), otherwise reserved for inter-district federal transfers. *See Atl. Marine*, 571 U.S. at 62-65.

The court won't stray into supplemental jurisdiction or considerations of economy, convenience, and fairness that might guide declining such jurisdiction, *see generally Johnson v. Sun & Chang Corp.*, 2021 U.S. Dist. LEXIS 3782 (N.D. Ind. Jan. 8, 2021), when the forum selection clause already permits suit here. The *forum non conveniens* factors leave this choice of a federal forum undisturbed. This case isn't unusual within *Atlantic Marine*'s meaning.

CONCLUSION

Accordingly, the court DENIES the motion to dismiss [ECF 12] and DENIES the motion to stay preliminary injunction proceedings [ECF 22]. After consultation with counsel, the court has scheduled a hearing for July 8, 2021 to take up preliminary injunction matters.

SO ORDERED.

July 1, 2021 *s/ Damon R. Leichty*
Judge, United States District Court