UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIVING VEHICLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALUMINUM TRAILER COMPANY, <br><br> Defendant. | CAUSE NO. 3:21-CV-149 DRL-MGG |

OPINION AND ORDER

Living Vehicle, a company that designs high-end travel trailers, contracted with Aluminum Trailer Company to manufacture units under a 2018 Master Services Agreement and three Statements of Work (classified A, B, and C). Living Vehicle says the travel trailers that ATC built were lemons. Twelve claims remain.

Today's motion concerns six claims—breach of contract (count 1), negligent misrepresentations about compliance with manufacturing standards (count 2), breach of implied and express warranties (counts 3-5), and indemnity (count 6). ATC argues that the companies created a liquidated damage fund that solely compensated these claims. This fund was exhausted at the time of suit, so ATC says Living Vehicle cannot establish the damages necessary to sustain these claims.

The MSA said the trailers would be produced in accordance with the statements of work. Each one required Living Vehicle to make deposits to purchase the trailers, and each established liquidated damages as the balance of unused deposits [*e.g.*, ECF 1-2, SOW A § 2(a)(iv)]. For trailers manufactured under the first statement of work, Living Vehicle deposited $250,000 plus individual deposits for trailers. For the next, Living Vehicle deposited $100,000 plus individual deposits for trailers. For the last, the company made only individual deposits for trailers.

ATC built all 30 trailers. Living Vehicle purchased and accepted the units based on this record. The deposits made under each statement of work were applied to the company's purchases. No balance remains. Living Vehicle leaves ATC's motion unopposed, without a response.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in her favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll v. Valparaiso Cmty. Sch.*, 953 F.3d 923, 924-25 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920. The court must grant a summary judgment motion when no triable issue exists. *Luster v. Ill. Dep't. of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

As a federal court sitting in diversity, the court honors a choice-of-law clause, unless this would contravene public policy. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015). ATC cites Indiana law. The MSA says Indiana law applies. Living Vehicle never objects. The court

2

sees no reason to depart. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996).

An agreement's interpretation is controlled by the parties' intent as expressed by clear contractual language. *City of Jeffersonville v. Envtl. Mgmt. Corp.*, 954 N.E.2d 1000, 1008 (Ind. Ct. App. 2011). "Clear, plain, and unambiguous contract terms are conclusive of the parties' intent, and a court will not construe the contract or consider extrinsic evidence, but will merely apply the contractual provisions as they are written." *Id.*

A liquidated damages clause refers to a "specific sum of money that has been expressly stipulated by the parties to a contract as the amount of damages to be recovered by one party for a breach of the agreement by the other, whether it exceeds or falls short of actual damages." *Time Warner Entm't Co., L.P., v. Whiteman*, 802 N.E.2d 886, 893 (Ind. 2004). "A typical liquidated damages provision provides for the forfeiture of a stated sum of money upon breach without proof of damages." *Gershin v. Demming*, 685 N.E.2d 1125, 1127 (Ind. Ct. App. 1997). Reasonable liquidated damages provisions are permitted, *Skendzel v. Marshall*, 301 N.E.2d 641, 645 (Ind. 1973), and are "generally enforceable where the nature of the agreement is such that damages for breach would be uncertain, difficult, or impossible to ascertain," *Weinreb v. Fannie Mae*, 993 N.E.2d 223, 232 (Ind. Ct. App. 2013) (citing *Dean V. Kruse Foundation, Inc. v. Gates*, 973 N.E.2d 583, 591 (Ind. Ct. App. 2012)).

Though "liquidated damages clauses are ordinarily enforceable, contractual provisions that constitute penalties are not." *Id.* at 232-33. Courts "have refused to enforce contracts when their provisions are unconscionable or when they offend the laws of this State, but there must be a clear showing by the party urging it that the contract provision was nothing more than mere penalty." *Court Rooms of Am., Inc. v. Diefenbach*, 425 N.E.2d 122, 124 (Ind. 1981). Whether a contract provision providing for liquidated damages is an unenforceable penalty is a question of law for the court to decide. *Corvee, Inc. v. French*, 943 N.E.2d 844, 847 (Ind. Ct. App. 2011).

ATC asks the court to enter judgment on counts 1-6 because they all arise from the manufacturing of trailers under the statements of work. ATC says Living Vehicle would not be pursuing these claims if ATC had properly manufactured the trailers. Living Vehicle hasn't offered the court an alternative interpretation of the liquidated damage provisions, hasn't argued that certain claims arise under other contractual or legal sources rather than the statements of work, and hasn't opposed the summary judgment in any way. Accordingly, the court may rule summarily, N.D. Ind. L.R. 7-1(d)(5), and does so. It is not the court's job to construct arguments for the parties. *See Nelson*, 657 F.3d at 590; *Gross v. Town of Cicero*, 619 F.3d 697, 704-05 (7th Cir. 2010).

Each of the claims requires some proof of damage. *See Passmore v. Multi-Mgmt. Servs., Inc.*, 810 N.E.2d 1022, 1026 n.2 (Ind. 2004) (negligent misrepresentation requires harm); *Morris v. Crain*, 71 N.E.3d 871, 880 n.5 (Ind. Ct. App. 2017) (breach of contract requires plaintiff to suffer damages); *Irmscher Suppliers, Inc. v. Schuler*, 909 N.E.2d 1040, 1048 (Ind. Ct. App. 2009) (citing *Frantz v. Cantrell*, 711 N.E.2d 856, 859 (Ind. Ct. App. 1999)) (warranty claims require loss); *Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 757 (Ind. Ct. App. 2002) (duty to indemnify does not arise until loss is suffered or damages incurred). And Living Vehicle has not adduced evidence of harm to support these claims.

## CONCLUSION

Accordingly, the court GRANTS ATC's partial summary judgment motion on counts 1-6 [ECF 46].

SO ORDERED.

February 18, 2022                                      *s/ Damon R. Leichty*
                                                                          Judge, United States District Court